UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Christopher Means, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-1051-JWB-GEB |
| | ) |
| City of Mulvane Police Department, | ) |
| Angie Collins, Thomas Torske, Toby Grey, | ) |
| M. Scniffl, Pam Turner, Amber Roper, | ) |
| Larry Linn, Kyle Newton, Gordon Fells, | ) |
| Phil Weiser, Joy Williams, and | ) |
| Christopher A. Holzman | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Plaintiff Christopher Means' Motion to Proceed Without Prepayment of Fees **(ECF No. 3, *sealed*)**. For the reasons outlined below, Plaintiff's Motion to Proceed Without Prepayment of Fees is **GRANTED**.

Simultaneously with the filing his Complaint, Plaintiff filed a Motion to Proceed Without the Prepayment of Fees and a supporting Affidavit of Financial Status.[1] Under 28 U.S.C. § 1915(a), the Court has discretion to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the

---

[1] ECF Nos. 3 and 3-1, *sealed.*

1

person is unable to pay such fees or give security thereof."[2] Proceeding *in forma pauperis* in a civil case "is a privilege, not a right—fundamental or otherwise."[3]

To determine whether a party is eligible to proceed without prepayment of the filing fee, the Court reviews the party's financial affidavit and compares the monthly expenses with the monthly income disclosed therein.[4] The Court may also evaluate a plaintiff's assets in determining an ability to pay the filing fee.[5] To succeed, plaintiffs must demonstrate they are financially unable to pay.[6] The current filing fee for a civil complaint in this District is $405.

Both the Tenth Circuit and the District of Kansas have a liberal policy toward permitting proceedings *in forma pauperis*.[7] Upon thorough review of the income, expenses and assets listed in Plaintiff's Financial Affidavit, the Court finds Plaintiff is financially unable to pay the filing fee.

---

[2] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, No. 98-4231, 173 F.3d 863, *1 (10th Cir. 1999)).
[3] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).
[4] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, *1 (D. Kan. Aug. 9, 2007) (citations omitted).
[5] *Wheeler v. Wichita Police Dep't.*, No. 97-1076-FGT, 1997 WL 109694, *1 (D. Kan. Feb. 27, 1997) (court denied motion where income was just sufficient to pay expenses, but plaintiff owned vehicle valued at $7,500); *Azzun v. Kansas Dept. of Health & Env't*, No. 09-4144-SAC, 2009 WL 5171778, *2 (D. Kan. Dec. 22, 2009) (court denied motion where significant home equity).
[6] *See* 28 U.S.C. § 1915(a)(1).
[7] *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR, 2013 WL 5797609, *1 (D. Kan. Sept. 30, 2013) (citing, generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).

**IT IS THEREFORE ORDERED** that Plaintiff Christopher Means' Motion to Proceed Without Prepayment of Fees **(ECF No. 3, *sealed*)** is **GRANTED**. Although service of process would normally be undertaken by the clerk of court pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the clerk is directed to stay service of process pending the District Court's screening of Plaintiff's Amended Complaint.[8]

**IT IS SO ORDERED.**

Dated November 6, 2024, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

---

[8] *See Shaw v. Howell*, No. 24-CV-2300-EFM-TJJ, 2024 WL 3677688, at *1 (D. Kan. July 15, 2024) (withholding service of process pending review under 28 U.S.C. § 1915(e) and jurisdictional review).