UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Christopher Means, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-1051-JWB-GEB |
| ) | |
| City of Mulvane Police Department, ) | |
| Angie Collins, Thomas Torske, Toby Grey, ) | |
| M. Scniffl, Pam Turner, Amber Roper, ) | |
| Larry Linn, Kyle Newton, Gordon Fells, ) | |
| Phil Weiser, Joy Williams, and ) | |
| Christopher A. Holzman ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. 1915(e)(1) ("Motion") **(ECF No. 4)** and Plaintiff's complaint. For the reasons outlined below, Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice to refiling.

For parties who proceed *in forma pauperis*, 28 U.S.C. 1915(e)(1) gives the Court discretionary authority to "request an attorney to represent any person unable to afford counsel."[1] However, there is no constitutional right to counsel in civil actions.[2] In exercising its discretion, the Court considers multiple factors when deciding whether to

---

[1] 28 U.S.C. 1915(e)(1).
[2] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case)).

1

appoint counsel for an indigent party.[3] In *Castner v. Colo. Springs Cablevision*,[4] the Tenth Circuit identified four factors which are relevant to the District Court's decision whether to appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations; and (4) a plaintiff's capacity to present the case without counsel.

The Courts must use their appointment power thoughtfully and prudently so willing counsel may be located.[5] The Court must also consider the increase in *pro se* filings and the limited number of attorneys willing to accept pro bono appointment.[6] After careful consideration, the Court declines to appoint counsel to represent Plaintiff. Plaintiff satisfies the first *Castner* factor where he has shown the inability to pay in his Motion to Proceed without Payment of the Filing Fee.[7]

But Plaintiff fails the second factor by failing to make efforts to consult with counsel before requesting appointment. Regarding the second *Castner* factor, a plaintiff's diligence in attempting to secure counsel, the Court typically requires a party meet and confer with at least five attorneys regarding the case.[8] Plaintiff has failed to demonstrate any effort to contact attorneys. Plaintiff's Motion for Appointment of Counsel is devoid of an attorney

---

[3] *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[4] *Castner*, 979 F.2d at 1422.
[5] *Id.* at 1421.
[6] *Jackson*, 2014 WL 494789, at *3.
[7] ECF No. 3-1, *sealed*.
[8] *Jackson,* at *2.

contacted or a response received before seeking an appointed attorney from the Court.[9] The Court is hopeful with time and diligence, Plaintiff may secure an attorney to represent him.

The Court is unable to fully evaluate the third factor at this time. The third factor requires the Court find Plaintiff has stated a valid claim. The Court has given Plaintiff the opportunity to file an Amended Complaint to add sufficient factual basis to support his alleged claims.

Plaintiff also fails the fourth factor -- the plaintiff's capacity to prepare and present the case without the aid of counsel, at this time. Plaintiff's case is not unusually complex and there is no indication, at least in this early stage of litigation, Plaintiff cannot adequately represent himself.

The Court is cognizant, "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[10] as the case moves forward. Postponing a decision to appoint counsel at this early stage allows the Court to gain more information about both the merits of Plaintiff's claims and his ability to present this case to the Court.[11] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[12]

---

[9] ECF No. 4 at 2-3.
[10] *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C.Cir.1998)).
[11] *Id.*
[12] *Zillner v. Brennan*, No. 15-9904-DDC, 2016 WL 81229, at *3 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).

For the reasons outlined above, Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. 1915(e)(1) **(ECF No. 4)** is **DENIED without prejudice as to refiling** as the case continues to go forward.

**IT IS SO ORDERED.**

Dated November 6, 2024, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge
