UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Christopher Means, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 24-1051-JWB-GEB<br>) |
| City of Mulvane Police Department,<br>Angie Collins, Thomas Torske, Toby Grey,<br>M. Scniffl, Pam Turner, Amber Roper,<br>Larry Linn, Kyle Newton, Gordon Fells,<br>Phil Weiser, Joy Williams, and<br>Christopher A. Holzman | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**ORDER**

Upon careful screening of the Complaint (ECF No. 1), as required by 28 U.S.C. § 1915(e)(2)(B), the Court **ORDERS** Plaintiff file an Amended Complaint with the facts outlined below within fourteen (14) days after being served with a copy of this Order.

Simultaneous with the filing of this Order, the Court granted Plaintiff's request to proceed without prepayment of fees.[1] However, the authority to proceed without prepayment of fees is not without limitation.[2] 28 U.S.C. §1915 requires a court to screen the complaint of a party seeking to proceed without prepayment of fees.[3] Sua sponte dismissal of the case is required if a court determines the action 1) is frivolous or malicious,

---

[1] ECF No. 3.
[2] 28 U.S.C. § 1915.
[3] *Id*.

2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.[4] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."[5]

After a thorough review of Plaintiff's Complaint, the Court finds certain claims set out in it could be subject to dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). However, other claims, particularly those regarding the traffic stops, could possibly have merit if supported by the appropriate factual information. As far as the Court can ascertain, Plaintiff's Complaint regards allegations surrounding court appearances and traffic stops in the City of Mulvane.[6] Plaintiff also alleges multiple police officers and court personnel have violated his constitutional rights by failing to provide him representation in court hearings and detaining him for longer than necessary at traffic stops.[7] Plaintiff further alleges he feels harassed by the police department and believes he has been subject to malicious prosecution.[8]

Fed. R. Civ. P. 8(a)(2) requires a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." This requires a complaint to state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[9] Because Plaintiff proceeds *pro se*, his pleadings

---

[4] *Id*.
[5] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)(citing language contained in § 1915(d), prior to the statute's amendment in 1996)).
[6] ECF No. 1 at 9-15.
[7] ECF No. 1 at 9, 12-15.
[8] ECF No. 1 at 11.
[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

must be liberally construed.[10] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based,"[11] and the Court cannot "take on the responsibility of serving as his attorney in constructing arguments and searching the record."[12] A *pro se* complaint may be dismissed if it clearly fails to state a legally cognizable claim, and it is not a court's duty to become an advocate for the *pro se* litigant.[13] Moreover, no legal training is required to specify the facts surrounding Plaintiff's claim, and "he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[14]

Under Fed. R. Civ. P. 8(a), every complaint must contain three minimal pieces of information: 1) the pleading should contain a short and plain statement of the claim showing that Plaintiff is entitled to relief; 2) a short and plain statement of the grounds for the Court's jurisdiction; and 3) a statement of the relief requested. If any of these requirements is absent, even after providing a liberal construction to Plaintiff's Complaint, a court "is compelled to recommend that the action be dismissed."[15] Mere "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim."[16]

---

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[11] *Id.*
[12] *Mays v. Wyandotte Cnty Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (internal edits omitted) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).
[13] *Hall*, 935 F.2d at 1110.
[14] *Id.* (internal quotation marks omitted).
[15] *Snider v. Burton*, No. 15-1043-JTM, 2015 WL 867423, at *2 (D. Kan. Mar. 2, 2015), report and recommendation adopted, No. 15-1043-JTM, 2015 WL 1442096 (D. Kan. Mar. 30, 2015).
[16] *Id*. (quoting *Bryan v. Stillwater Bd. of Realtors*, 578 F.2d 1319, 1321 (10th Cir.1977)); *see also Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).

Plaintiff alleges violations of his rights under 42 U.S.C. § 1983, which provides a remedy for constitutional violations committed by state officials.[17] Liability attaches only to those individuals "acting under color of law."[18] Accordingly, "the only proper defendants in a Section 1983 claim are those who 'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'"[19] To state a claim under Section 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of United States and must show the alleged deprivation was committed by persons acting under color of state law.[20] A defendant in a Section 1983 suit acts under color of state law when a position given by the state is abused.[21]

The Court, as required, has construed Plaintiff's Complaint liberally.[22] However Plaintiff's Complaint fails to identify which state actor committed any of the allegations in the Complaint. Plaintiff lists thirteen (13) Defendants in his Complaint.[23] Yet, Larry Linn is the only Defendant identified in Plaintiff's factual contentions.[24] And while Plaintiff alleges Defendant Linn is a judge, he fails to provide additional information on which court, county, and matter.  The remaining Defendants are named in a list prior to the factual allegations in Plaintiff's Complaint.[25] This list is the only time the remaining Defendants

---

[17] *Gallagher v. "Neil Young Freedom Concert,"* 49 F.3d 1442, 1447 (10th Cir. 1995).
[18] *Id.*
[19] *Id.* (citing *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988)).
[20] *West v. Atkins,* 487 U.S. 42, 48 (1988).
[21] *Id.* at 50.
[22] *Abdelsamed v. United States*, 13 F. App'x 883, 884 (10th Cir. 2001).
[23] ECF No. 1 at 7.
[24] ECF No. 1 at 9.
[25] ECF No. 1 at 7.

were named throughout the Complaint.[26] As a result, Plaintiff's Complaint fails to tie the alleged constitutional violations to a particular actor. Plaintiff's Complaint also fails to provide any dates or times for the alleged incidents.

Where Plaintiff does not identify Defendants throughout the Complaint, Plaintiff fails to state a claim based in Section 1983. Without the ability to tie the named Defendants to the allegations in the Complaint, the Court cannot ascertain which of the Defendants might be liable for any alleged constitutional violations. While the Court can infer terms like officer or chief of police relate to Plaintiff's list of Defendants, the Court is still unable to ascertain which of the Defendants were present or involved at each alleged incident. The Court is not able to take on the responsibility of construing arguments or searching the record to make sense of a claim.[27]

Without sufficient facts to support constitutional violations, Plaintiff's claims likely fail to state a recognizable claim based in Section 1983 and could be subject to dismissal under 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. A well-pleaded complaint for a Section 1983 claim would include facts that inform the Court of the name, job title, and department of the state actor allegedly responsible for any constitutional violations, the date and time such violations occurred, and the nature and severity of any acts that violated the Plaintiff's constitutional rights.

---

[26] ECF No. 1 at 9-15.
[27] *Mays v. Wyandotte Cnty Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (internal edits omitted) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).

After careful consideration of Plaintiff's Complaint and being aware Plaintiff proceeds *pro se*, the Court would be forced to recommend the dismissal of Plaintiff's claims because they fail to state adequate facts. An Amended Complaint is necessary to attempt to cure the deficiencies in the original Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff file an Amended Complaint within fourteen (14) days after being served with a copy of this Order which includes the facts requested herein.

**IT IS SO ORDERED.**

Dated November 6, 2024, at Wichita, Kansas.

s/Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge
